UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6004-CR-ROETTGER/Snow

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBBIE MILLER,

    Defendant.

_____/

## DEFENDANT'S REQUEST THAT COURT CONSIDER TIME SERVED IN STATE PRISON WHEN IMPOSING SENTENCE

The defendant, ROBBIE MILLER, by and through his undersigned attorney, respectfully requests that this Court consider the time Mr. Miller served in a State of Florida prison facility for committing offenses which would have been considered relevant conduct of the instant offense had all offenses been prosecuted federally, and in support thereof, the defendant states as follows:

### BACKGROUND

1.     On October 4, 1999, Mr. Miller was sentenced to 18 months incarceration in the Florida State Prison system for committing the offenses of possession of cocaine with intent to deliver and possession of cocaine with intent to deliver within 1000 feet of a school. The offenses occurred on May 12, 1999 and September 1, 1999 respectively and the sentences ran concurrently. See Pre-sentence Investigation Report (PSI) ¶¶ 39 and 40.



2.  On January 13, 2000, a Grand Jury of the Southern District of Florida returned a one count indictment against Mr. Miller for the instant offense. The indictment charges that on August 23, 1999, Mr. Miller possessed crack cocaine with intent to distribute.

3.  On December 8, 2000, Mr. Miller completed his Florida State prison sentence and was released to the custody of the United States Marshals Service.

4.  Mr. Miller entered a plea agreement with the government in which he agreed to plead guilty and cooperate with the government.

5.  The government has filed a motion pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 to reduce Mr. Miller's sentence because of his cooperation.

6.  The PSI places Mr. Miller at offense level 23 and criminal history category VI. Therefore, Mr. Miller's sentencing range without any downward departure reduction is 92-115 months.

## MEMORANDUM OF LAW

Mr. Miller is requesting that this Court consider both the time he served in state prison and the government's motion for sentence reduction when determining the appropriate sentence to impose in this case. A district court has the authority to depart downward to give a defendant credit for time served for an expired state sentence imposed for the same relevant conduct. See United States v. Otto, 176 F.3d 416 (8th Cir. 1999); United States v. O'Hagan, 139 F. 3d 641 (8th Cir. 1998); United States v. Blackwell, 49 F.3d 1232 (7th Cir. 1995).

Although USSG § 5G1.3 only permits concurrent sentences for undischarged sentences, the underlying rationale of § 5G1.3, the goal of the Guidelines to eliminate sentencing disparities and fairness dictate that a downward departure is permissible to allow for credit for time served on an expired sentence involving the same relevant conduct as the offense of conviction. See O'Hagan,

139 F.3d at 657-58; Blackwell, 49 F.3d at 1241.

In this case, the state offenses and the instant federal offense all involved the possession of cocaine with intent to sell or distribute in May, August, and September of 1999. Had Mr. Miller been prosecuted federally for each offense, the guideline range for the instant offense would remain the same in that it does not appear that the total amount of cocaine possessed exceeded 20 grams. Accordingly, Mr. Miller is requesting that the Court reduce his sentence by 18 months in addition to any reduction he may receive as a result of the government's Motion to Reduce Sentence.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument was mailed this 3rd day of October, 2001 to Edward Ryan, Assistant United States Attorney, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida, 33301 and Kathryn Gomez, United States Probation Officer, Federal Courthouse Building, 299 East Broward Boulevard, Room 409, Fort Lauderdale Florida, 33301

_____
Daryl E. Wilcox